THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES BOYD, Defendant-Appellant.

(No. 74-358;

Second District (1st Division)—October 17, 1975.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Peter J. Woods, State's Attorney, of Oregon (Edward Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

On March 6, 1974, the defendant was found guilty in a bench trial of the offense of unlawful use of weapons and on April 1, 1974, was sentenced to 360 days at the State farm at Vandalia. The defendant appeals.

The sole issue presented in this case is whether the defendant's conviction was void for failure to allege in the complaint that the weapon was either concealed or loaded.

On October 2, 1973, the Rochelle police were alerted by an ISPERN message that a gasoline station had been held up by three or four armed men who fled in a yellow Chrysler station wagon. The police stopped the vehicle, which contained nine occupants, including the defendant who weighed 438 pounds, and he was found to have a gun partly under the seat and the ammunition therefor in his pocket. It is interesting to note that in sentencing the defendant for a Class A misdemeanor, the trial court observed that the defendant could have been charged with and sentenced for a Class 3 felony under section 24—1(b) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(b)), since he committed the instant offense within five years of his release from the penitentiary. At the time he was arrested the defendant stated that he had purchased the gun from a woman in Rock Falls, Illinois. However, at the trial, he testified that the gun belonged to one of the other eight occupants of the car and that he was covering up for the owner of the gun. It is also to be noted that all eight of the other occupants of the car at the time of trial were incarcerated either in the penitentiary or the State farm at Vandalia.

This action was begun by the filing of a complaint charging a violation of section 24—1 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1). In pertinent part section 24—1 reads as follows:

"(a) A person commits the offense of unlawful use of weapons when he knowingly:

❖   ❖   ❖

(4) Carries concealed in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver or other firearm; or

* * *

(10) Carries or possesses in a vehicle or on or about his person within the corporate limits of a city, village or incorporated town, except when on his land or in his own abode or fixed place of business, any loaded pistol, revolver or other firearm."

The defendant attacks the complaint for the first time in this appeal as being jurisdictionally void for failure to allege that the pistol was either concealed or loaded. In support of this contention, the defendant has cited *People v. Spain* (1974), 24 Ill.App.3d 377, 321 N.E.2d 520, and *People v. Pujoue* (1974), 23 Ill.App.3d 810, 320 N.E.2d 78. The Supreme Court allowed the petition of the People for leave to appeal in *Pujoue* and in September, 1975, reversed the decision of the appellate court. (*People v. Pujoue,* 61 Ill.2d 335.) The Supreme Court pointed out that the contention of the defendant was that, in the absence of an allegation that the revolver was loaded, no statutory violation was charged. We find that, factually, this case is most similar to the issue presented in *Pujoue.* The Supreme Court, in reversing the appellate court, stated:

"* * * the sufficiency of a complaint attacked for the first time on appeal must be determined by a different standard, and we do not agree with the appellate court that failure to allege an element of the offense in the complaint, *per se,* rendered it void.

When attacked for the first time on appeal a complaint is sufficient if it apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Grant,* 57 Ill.2d 264; *People v. Harvey,* 53 Ill.2d 585." (*People v. Pujoue,* 61 Ill.2d 335, 339.)

As in *Pujoue,* it is apparent from the record that the defense counsel at the trial treated the complaint as charging a violation of section 24—1(a)(10). Testimony adduced at trial showed that the gun was, in fact, loaded; and the failure to allege that it was loaded did not prejudice preparation of a defense. Also, as in *Pujoue,* the complaint herein was sufficient to be pleaded in bar of a future prosecution. It alleged the date and the place of the commission of the offense and also contained a detailed description of the revolver.

The judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD, P. J., and HALLETT, J., concur.