THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMIE STANLEY, Defendant-Appellant.

First District (3rd Division)    No. 61936

Opinion filed September 7, 1976.

James J. Doherty, Public Defender, of Chicago (John Galvin and Judith A. Stewart, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and R. Burke Kinnaird, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Defendant, Jimmie Stanley, was charged by complaint with the offense of unlawful use of weapons in violation of section 24—1(a)(10) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)). After a trial without jury defendant was found guilty and sentenced to one year's probation with the first 30 days to be served in the House of Correction. His sole contention on appeal is that the conviction must be

reversed because the complaint is void for failure to allege a material element of the offense.

The complaint alleged: "Ptlmn. J. Siedlecki #3485 complainant, states that Jimmie Stanley has, on or about 19 October 1974, at Cook County, Illinois, committed the offense of Unlawful Use of Weapons in that he carried on or about his person a loaded firearm to wit: Colt .32 cal. revolver Ser. #69739, on property other than his own abode or other place of business in violation of Chapter 38, Section 24-1a10 Illinois Revised Statutes."

No pretrial motions were made. At the conclusion of the State's case in chief, defense counsel moved to dismiss the complaint only upon the ground that it failed to state that the offense had been committed within the corporate limits of the city of Chicago. The motion was denied. Defendant then testified in his own behalf.

The complaint alleged a violation of section 24—1(a)(10) of the Criminal Code of 1961 which provides:

"(a) A person commits the offense of unlawful use of weapons when he *knowingly*:

\* \* \*

(10) Carries or possesses in a vehicle or on or about his person *within the corporate limits of a city, village or incorporated town,* except when on his land or in his own abode or fixed place of business, any loaded pistol, revolver or other firearm." (Emphasis added.)

■■ Section 111—3 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 111—3) provides in pertinent part:

"(a) A charge shall be in writing and allege the commission of an oⁱense by:

\*

(2) Citing the statutory provision alleged to have been violated;
(3) Setting forth the nature and elements of the offense charged;"

Both the statutory provision charged and the nature and elements of the offense must be specified in the complaint; the citation of the statutory provision allegedly violated is insufficient in itself to incorporate the statute by reference. *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.

On appeal defendant has urged as an independent ground for dismissal the failure of the complaint to allege that defendant acted knowingly. At no time was the alleged omission urged in the trial court. Moreover, this court has previously held that a defendant is chargeable with notice that implicit within the means that he "carried on or about his person a loaded firearm" was the allegation that the act was committed with knowledge

(*People v. Abrams* (1974), 21 Ill. App. 3d 734, 316 N.E.2d 5). Therefore, the complaint is not insufficient for the foregoing ground.

However, at the conclusion of the State's case defendant did expressly move for dismissal of the complaint for failure to allege that the offense occurred within the corporate limits of a city, village, or incorporated town. Such allegation is a necessary and material element of the offense charged. The commission of the act outside of the corporate limits is not proscribed by the statutory language.

■■ The State argues that the sufficiency standard in *Pujoue* should be extended to include attacks made on the complaint after the commencement of trial. The court there held that when the complaint is attacked for the first time on appeal the complaint will be upheld as sufficient if it apprises the accused of the offense with sufficient specificity to prepare his defense and allows pleading a resulting conviction as a bar to further prosecution arising out of the same conduct. However, the court there stated:

> "We are not here presented the question and we do not decide whether this complaint could withstand a pretrial motion filed pursuant to section 114—1 or a motion in arrest of judgment filed pursuant to section 116—2 of the Code of Criminal Procedure. While we do not approve of any failure to comply strictly with the explicitly stated requirements of section 111—3 of the Code of Criminal Procedure, the sufficiency of a complaint attacked for the first time on appeal must be determined by a *different standard,* * * *." (Emphasis added.) (61 Ill. 2d 335, 339.)

It has long been held that failure of an indictment to specifically state an offense is a deprivation of due process of law. (*People v. Beeftink* (1961), 21 Ill. 2d 282, 171 N.E.2d 632; *West v. People* (1891), 137 Ill. 189, 27 N.E.34.) To that end, section 114—1(a)(8) of the Code of Criminal Procedure provides that on written motion made prior to trial, an indictment or information may be dismissed on the ground that the charge does not state an offense. (Ill. Rev. Stat. 1973, ch. 38, par. 114—1(a)(8).) The Committee Comments to the foregoing section (Ill. Ann. Stat., ch. 38, par. 114—1, Committee Comments-1963, at 123 (Smith-Hurd 1970)) state:

> "Subsection (a)(8) permits the motion to dismiss where the charge does not state an offense. In accordance with Article 111, charge refers to the complaint, indictment or information. Since a charge which does not state an offense does not give defendant a full notice of why he is being tried, and the charge will not support a judgment unless an offense is stated therein, due process would be violated and may be attacked at any time. [Citations.]"

Even though not raised by pretrial motion, such grounds for dismissal

may be raised by motion in arrest of judgment (Ill. Rev. Stat. 1973, ch. 38, par. 116—2(b)(1)). In contradistinction, there is no statutory provision for nonwaiver of the grounds for dismissal on appeal. *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456.

Accordingly, we hold that the instant complaint, in failing to specify that the alleged offense was committed in a city, village or incorporated town, is insufficient and will not support the judgment of conviction when the defect is raised in a motion to dismiss in the trial court. Where a conviction rests upon such a complaint we will reverse without remanding. *People v. Leach* (1972), 3 Ill. App. 3d 389, 279 N.E.2d 450; *People v. Tucker* (1971), 131 Ill. App. 2d 598, 268 N.E.2d 191.

For these reasons the judgment of conviction of the Circuit Court of Cook County is reversed.

Reversed.

DEMPSEY and McNAMARA, JJ., concur.