THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VUSSITINO LOVE, Defendant-Appellant.

First District (2nd Division)   Nos. 77-585, 77-1823 cons.

Opinion filed August 1, 1978.

James J. Doherty, Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Mary Ann Callum, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE PERLIN delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant, Vussitino Love, was convicted of battery (Ill. Rev. Stat. 1975, ch. 38, par. 12—3(a)) and sentenced to a 10-month term of incarceration. The only issue presented on appeal is whether the trial court erred when, at the close of the State's case in chief, it denied defendant's motion to dismiss for failure to name him as the assailant in the complaint and it allowed the State to amend the complaint by inserting defendant's name in the case caption.

No issue is presented concerning the sufficiency of the evidence, and it is unnecessary to recite in detail the testimony presented against

defendant. We merely note that, if believed, this testimony supported the conviction.

At the close of the State's case in chief, defendant requested that the trial court dismiss the case because the typewritten complaint did not list any person by name as the perpetrator of the offense. The trial court denied defendant's motion and granted the State's request to insert defendant's name in the complaint's case caption. The complaint was then reverified.

Defendant maintains that the State's failure to list him or anyone else in the caption of the complaint or its failure to designate him as the assailant in the body of the complaint is a jurisdictional defect rendering the complaint invalid. He relies on section 111—3 of the Code of Criminal Procedure which provides in pertinent part:

> "(a) A charge shall be in writing and allege the commission of an offense by:
>
>          * * *
>
> (5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty." Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a)(5).

■■ ■ The failure to name anyone as the perpetrator of the crime renders the complaint insufficient to sustain a conviction. (*Chow Bing Kew v. United States* (9th Cir. 1957), 248 F.2d 466, 468; 42 C.J.S. *Indictments and Informations* §127, at 1015 (1944).) In the present case the complaint was amended during trial to designate defendant as the assailant. A distinction has been drawn between amendments involving formal defects and substantive deficiencies. (See *People v. Troutt* (5th Dist. 1977), 51 Ill. App. 3d 656, 661, 366 N.E.2d 370.) However, even a substantive amendment to the complaint made at trial, as here, *is* permissible unless defendant can show that he was not aware of the charge against him, thereby precluding preparation of a defense, or that he would be subsequently unable to bar future prosecution for the same conduct. *People v. Johnson* (1st Dist. 1976), 43 Ill. App. 3d 559, 563, 357 N.E.2d 594.

*People v. Heard* (1970), 47 Ill. 2d 501, 266 N.E.2d 340, and *People v. Allen* (3d Dist. 1972), 8 Ill. App. 3d 176, 289 N.E.2d 467, upon which defendant relies, are distinguishable. In both instances the State sought to amend defective complaints on appeal after the defendants challenged the complaints' validity for the first time at that juncture. We further note that within the context of *Heard* and *Allen* the result might now be different. (Compare *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456; *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) Similarly, defendant's reliance on *People v. Moats* (3d Dist. 1972), 8 Ill. App. 3d 944,

291 N.E.2d 285, for the proposition that a defective charge does not confer jurisdiction upon the circuit court to hear the matter is negated by *People v. Gilmore* which held that jurisdiction is not conferred by an information or indictment, but rather is conferred by provisions of section 9 of article VI of the 1970 Constitution. 63 Ill. 2d 23, 26-27.

■■ In the present case the record reflects that defendant was not misled by the complaint as initially filed. When the case was called by the clerk as "Vussitino Love, Barbara Brandon, complainant 202, Line 21," the court then inquired, "Mr. Love, you're charged with battery and disorderly. Are you ready for trial." Defendant responded, "Yes." His counsel cross-examined the State's witnesses and then presented evidence on defendant's behalf. It cannot be said that this case substantially differs from *People v. Johnson,* and we find that decision to be controlling.

The trial court did not err in allowing defendant's name to be placed on the complaint after the close of the State's case in chief. Accordingly, its judgment will be affirmed.

Judgment affirmed.

STAMOS, P. J., and DOWNING, J., concur.