THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
TOMMIE E. JOHNSON, Defendant-Appellant.

Second District   No. 77-498

Opinion filed March 19, 1979.

Mary Robinson and Elizabeth Clarke, both of State Appellate Defender's Office, of Elgin, for appellant.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE NASH delivered the opinion of the court:

Defendant, Tommie E. Johnson, was convicted following a jury trial of the offenses of reckless conduct and unlawful use of weapons (Ill. Rev. Stat. 1975, ch. 38, pars. 12—5, 24—1(a)(10)) and sentenced to concurrent terms of 2 years' probation with the first 90 days to be served in the county jail. He appeals only from the conviction for unlawful use of weapons contending the trial court erred when, during the conference on jury instructions, it denied defendant's motion to dismiss that count of the information for failure to allege the revolver he carried was loaded and allowed the State, over defendant's objection, to amend the information by inserting the word "loaded."

Section 24—1(a)(10) of the Criminal Code of 1961 provides:

"A person commits the offense of unlawful use of weapons when he knowingly:

* * *

(10) Carries or possesses in a vehicle or on or about his person within the corporate limits of a city, village or incorporated town, except when on his land or in his own abode or fixed place of business, any *loaded* pistol, revolver or other firearm." (Emphasis added.) (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(10).)

The information sought to charge defendant with the offense of unlawful use of weapons under section 24—1(a)(10) by alleging that "at and within the City of Aurora, and the State of Illinois, defendant did then and there carry about his person, a revolver, at time when he was not upon his own land or abode or fixed place of business."

At trial, during the conference on jury instructions, defendant moved to dismiss this count on the grounds it failed to allege a necessary element

of the offense, that the revolver was loaded. Defendant's motion was denied and, over his objection, the State was allowed to amend the charge by inserting the word "loaded" before the word "revolver."

■■ ■ Section 111—3(a)(3) of the Code of Criminal Procedure of 1963 requires that a charge set forth the elements of the offense charged. (Ill. Rev. Stat. 1975, ch. 38, par. 111—3(a)(3).) Where an element of the offense with which the accused is intended to be charged is not set forth in the charging instrument it fails to state an offense (*People v. Abrams* (1971), 48 Ill. 2d 446, 459, 271 N.E.2d 37, 45) and is subject to dismissal under section 114—1(a)(8) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(a)(8); *Abrams,* 48 Ill. 2d 446, 459, 271 N.E.2d 37, 45) or arrest of judgment under section 116—2 of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 116—2; *People v. Troutt* (1977), 51 Ill. App. 3d 656, 660, 366 N.E.2d 370, 372-73). When a charging instrument is attacked by these means its failure to allege an element of the offense sought to be charged is considered a fundamental defect which renders it void and it cannot be amended as is provided in the case of simple formal defects under section 111—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—5). See *People v. Troutt* (1977), 51 Ill. App. 3d 656, 661, 366 N.E.2d 370, 373.

■ The failure of a charge to include all elements of an offense may also be raised for the first time on either direct or collateral review. (*People v. Gregory* (1974), 59 Ill. 2d 111, 319 N.E.2d 483; see *People v. Heard* (1970), 47 Ill. 2d 501, 505, 266 N.E.2d 340, 343.) However, since the decision by our supreme court in *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, in cases in which the sufficiency of a charging instrument is *attacked for the first time on appeal,* a different, more relaxed standard is applied. In such cases the failure of the State to allege an element of the offense sought to be charged will not render the charging instrument void per se; it will be upheld as sufficient if it apprises the accused of the offense charged with sufficient particularity to enable him to prepare his defense and to plead the resulting conviction as a bar to future prosecution. *People v. Gilmore* (1976), 63 Ill. 2d 23, 344 N.E.2d 456; *People v. Boyd* (1975), 32 Ill. App. 3d 968, 336 N.E.2d 617.

■ One of the elements of the offense of unlawful use of weapons proscribed by section 24—1(a)(10) is that the weapon be loaded. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 338, 335 N.E.2d 437, 439-40.) Thus, the failure of the State to allege that the revolver carried by defendant was loaded rendered that count of the information vulnerable to a motion to dismiss at trial and it was not subject to amendment. It necessarily follows in this case that the trial court committed reversible error by permitting the amendment of the information to supply the omitted element of the offense sought to be charged.

The State, however, contends that even though defendant did orally move for dismissal during trial the less stringent *Pujoue* standard should be applied here and that under that standard the charge was sufficient. ■■ The State argues first that defendant's failure to file a *written* motion to dismiss in the trial court dictates that we should consider the issue of the sufficiency of the information to state the elements of the offense as now being raised for the first time on appeal and, therefore, apply the *Pujoue* standard. We do not agree. Section 114—1 of the Code of Criminal Procedure of 1963 permits a motion to dismiss for failure to state an offense both before and during trial. (Ill. Rev. Stat. 1975, ch. 38, par. 114—1(a)(8), (b); *People v. Clutts* (1976), 43 Ill. 3d 366, 370, 356 N.E.2d 1367, 1370-71; see *People v. Stanley* (1976), 42 Ill. App. 3d 99, 355 N.E.2d 582.) While subsection (a) specifically provides that a motion to dismiss prior to trial be in writing, the statute does not clearly delineate whether a motion to dismiss during trial based upon subsection (a)(8) must also be in writing. We believe, however, that the sufficiency of the information was properly first raised and considered in the trial court, and it cannot be realistically contended it is now raised for the first time on appeal.

The State also argues that the *Pujoue* standard may be applied here, even though the issue of sufficiency of the information to state an offense was raised in the trial court, relying upon *People v. Johnson* (1st Dist. 1976), 43 Ill. App. 3d 559, 357 N.E.2d 594. There the complaint which charged unlawful use of weapons under section 24—1(a)(10) also failed to allege the firearm was loaded and, during trial, the trial court also denied defendant's motion to dismiss and allowed the State to amend the complaint to insert the word "loaded." Although recognizing that the sufficiency of the complaint was not being attacked for the first time on appeal and the case was thus distinguishable from *Pujoue*, the appellate court decided to apply the relaxed standard in any event and affirmed the conviction finding that because defendant was well aware of the charge for which he was being tried and could properly prepare a defense he was not prejudiced by the allowed amendment. This holding was found controlling in *People v. Love* (1st Dist. 1978), 63 Ill. App. 3d 169, 379 N.E.2d 808, where during trial the court denied a motion to dismiss and allowed a substantive amendment to the complaint, the court stating that even a substantive amendment to a complaint made at trial is permissible unless the defendant can show he was not aware of the charge against him, thereby precluding preparation of a defense, or that he would be subsequently unable to bar future prosecution for the same conduct.

The opinions in both *Johnson* and *Love* were filed prior to those of the supreme court in *People v. Strait* (1978), 72 Ill. 2d 503, 381 N.E.2d 692, and *People v. Lutz* (1978), 73 Ill. 2d 204, 383 N.E.2d 171. In *Strait* the supreme court expressly declined to extend the *Pujoue* standard to

include circumstances where the sufficiency of a charge was first raised in the trial court by a pretrial motion to dismiss (Ill. Rev. Stat. 1975, ch. 38, par. 114—1). (*Strait,* 72 Ill. 2d 503, 507, 381 N.E.2d 692, 694.) Likewise, in *Lutz* the supreme court declined to extend *Pujoue* to circumstances where the failure of an indictment to allege all the elements of an offense was first pointed out in a timely motion in arrest of judgment (Ill. Rev. Stat. 1975, ch. 38, par. 116—2). (*Lutz,* 73 Ill. 2d 204, 209-10, 383 N.E.2d 171, 172-73.) In light of these recent rulings of our supreme court we do not believe those in *Johnson* and *Love* can be considered controlling in this case and they will not be followed.

For these reasons the judgment of the Circuit Court of Kane County on the unlawful use of weapons charge is reversed.

Reversed.

LINDBERG and RECHENMACHER, JJ., concur.