THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLYDE HARRIS, Defendant-Appellant.

First District (6th Division)   No. 1—88—3121

Opinion filed October 26, 1990.

Randolph N. Stone, Public Defender, of Chicago (Mark H. Kusatzky, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Renee Goldfarb, Walter P. Hehner, and Kimberly A. Mozdzierz, Assistant State's Attorneys, of counsel), for the People.

JUSTICE EGAN delivered the opinion of the court:

After a bench trial, the defendant was found guilty of public indecency and sentenced to two years' supervision. In his original brief he contended that the trial judge erred when he permitted the State to amend its complaint at the close of its case in chief, that he was not proved guilty beyond a reasonable doubt and that the judge erred when he took notice of the defendant's age. In a supplemental brief he contended that neither the original complaint nor the amended complaint charged an offense.

Chicago police officer James Grubbs testified that he was on "narcotics surveillance" at 10:30 p.m. on March 7, 1988, in the tenth-floor hallway of a building at 4414 South Cottage Grove when he observed the defendant pulling on his penis, which was outside his pants, while he was in the presence of 9- and 10-year-old children. After the officer asked the defendant to put his penis back into his pants, he placed the defendant under arrest.

The pertinent parts of the public indecency section of the Criminal Code of 1961 read as follows:

"§11—9. Public indecency. (a) Any person of the age of 17 years and upwards who performs any of the following acts in a public place commits a public indecency:

(1) An act of sexual penetration or sexual conduct as defined in Section 12—12 of this Code; or

(2) A lewd exposure of the body done with intent to arouse or to satisfy the sexual desire of the person." Ill. Rev. Stat. 1987, ch. 38, par. 11—9.

"Sexual Conduct" is defined in section 12—12(e) as follows:

" 'Sexual Conduct' means any intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused." Ill. Rev. Stat. 1987, ch. 38, par. 12—12(e).

The complaint charged that the defendant "performed an act of deviate [sic] sexual conduct by pulling out his penis in the presence of kids that was [sic] playing in the area of the tenth floor of the above location, in a public place, 4414 South Cottage Grove." The complaint cited section 11—9(a)(2) of the Criminal Code. (Ill. Rev. Stat. 1987, ch. 38, par. 11—9(a)(2).) After the State rested and the defendant's attorney argued for an acquittal, the State was permitted to amend that part of the complaint citing the statute from sec-

tion 11—9(a)(2) to section 11—9(a)(1).

■ We believe that no error was committed when the State was permitted to amend the complaint. The language of the charge was not altered. The change was simply from the citation of one section of the statute to another, a technical defect which did not result in prejudice to the defendant sufficient to warrant reversal. (*People v. McBrien* (1986), 144 Ill. App. 3d 489, 494 N.E.2d 732.) But we believe that the conviction should be reversed because the State failed to charge an offense and, more importantly, because the State failed to prove the defendant guilty of a violation of section 11—9(a)(1).

■ Under section 11—9(a)(1) and section 12—12, "public indecency" requires that the act be done "for the purpose of sexual gratification or arousal of the victim or the accused." (Ill. Rev. Stat. 1987, ch. 38, pars. 11—9(a)(1), 12—12.) Under section 11—9(a)(2) the act must be done with the intent to arouse or satisfy the sexual desire of only the accused. Thus, under either section, the purpose for which the act is done is a necessary element and must be charged. A case precisely in point is *People v. Edwards* (1990), 195 Ill. App. 3d 454, 552 N.E.2d 358, in which the court reversed a conviction of aggravated criminal sexual abuse for failure to charge that the act was done for the purpose of the sexual gratification or arousal of the victim or the accused.

■ The State does not dispute the defendant's contention that the complaint failed to charge an offense. It is the State's position, however, that the defendant's argument comes too late and in an improper form. The State maintains that the only proper forms for raising the sufficiency of a criminal complaint are in a motion to dismiss under section 114—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 114—1) or in a motion in arrest of judgment under section 116—2 (Ill. Rev. Stat. 1987, ch. 38, par. 116—2). Since section 114—1 refers to pretrial motions, the State argues, the motion to dismiss must be filed before trial. A number of cases are contrary to the State's position. In *People v. Johnson* (1979), 69 Ill. App. 3d 248, 387 N.E.2d 388, cited by the defendant, and *People v. Clutts* (1976), 43 Ill. App. 3d 366, 356 N.E.2d 1367, and *People v. Stanley* (1976), 42 Ill. App. 3d 99, 355 N.E.2d 582, cited in *Johnson*, convictions were reversed on the ground of the insufficiency of the complaint where the motion to dismiss was made during the trial. All three opinions distinguished *People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437, which is relied on in this court by the State. In *Pujoue*, the supreme court held that where the sufficiency of a complaint is attacked for the first time on appeal, failure

to allege an element of an offense does not necessarily render the complaint void. The test becomes whether the complaint apprised the accused of the precise offense charged with sufficient specificity to permit preparation of his defense and allow pleading a resulting conviction as a bar to further prosecutions arising out of the same conduct. (61 Ill. 2d at 339.) *Johnson, Clutts* and *Stanley* all held that *Pujoue*'s holding was restricted to cases where the insufficiency of the charge was raised for the first time *on appeal*.

The State seeks to distinguish *Johnson, Clutts,* and *Stanley* because the defendant here did not make a motion to dismiss the complaint but instead raised the question in a motion for an acquittal at the close of the State's case. The argument made by the defense attorney at the close of the State's case included the following remarks:

> "Third of all, we ask for a directed finding based on the facts of the complaint itself. The complaint itself is insufficient. The State is proceeding on a charge against Mr. Harris, and they're not even alleging in the complaint the necessary elements to prove-up their charge. If you read the complaint, you will see there is no allegations [*sic*] that my client, Mr. Harris, acted in such a way with the intent to allow or satisfy his sexual desires."

█ We see no difference in substance between a motion to dismiss on the ground of insufficiency of the charge which is made during trial and a motion for acquittal on the same ground. Consequently, we believe that the issue was properly presented to the trial judge and that the defendant should have been discharged on that ground.

Under ordinary circumstances, a reversal on the ground that the complaint did not charge an offense could entitle the State to refile proper charges. (See *People v. Edwards* (1990), 195 Ill. App. 3d 454, 552 N.E.2d 358. Ill. Rev. Stat. 1987, ch. 38, par. 114—1(e).) It is our judgment, however, that the evidence fails to establish guilt on the charge specified in the amended complaint, and that, therefore, the State may not refile the charge and add the missing allegation.

██ █ The proscribed "sexual conduct" in section 11—9(a)(1) is restricted to touching or fondling by the victim or the accused of specific parts of the body of the victim or the accused for the purpose of sexual gratification or arousal of the victim or the accused. We disagree with the State's argument that this section is applicable where the accused touches himself. To follow the State's argument to its logical conclusion, the section would be applicable where the vic-

tim touches himself. At best, the section is ambiguous and, like all penal statues, must be construed strictly in favor of the accused. One is not to be subjected to a penalty unless words of a statute plainly impose it. (*United States v. Campos-Serrano* (1971), 404 U.S. 293, 30 L. Ed. 2d 457, 92 S. Ct. 471.) It is our judgment that section 11—9(a)(1) does not plainly embrace the conduct of the accused in this case. After oral argument, the defendant was given leave to cite *People v. Gann* (1986), 141 Ill. App. 3d 34, 489 N.E.2d 924, which is at least analogous authority for the defendant's position. In *Gann* the defendant was charged with aggravated criminal sexual abuse and public indecency; he was found guilty only of aggravated criminal sexual abuse. The evidence showed that he was masturbating in the presence of a victim under the age of 13.

The statute provided that a person commits aggravated criminal sexual abuse if the person is over 17 years of age and "commits an act of sexual conduct with a victim" under the age of 13. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—16(c)(1).) The "sexual conduct" in that case included the same definition of "sexual conduct" that this case does. The court reversed the conviction of aggravated criminal sexual abuse, holding that the phrase in the statute, "with a victim," implied more than sexual conduct in the presence of a victim and that it required actual physical contact between a victim and an accused.

The *Gann* court also observed that the evidence of lewd exposure supported a conviction of public indecency under section 11—9(a)(2). We make the same observation here. The fact that the defendant did more than the statute required by touching or fondling himself does not remove his conduct from the proscription of section 11—9(a)(2), the section under which the defendant was originally charged. By this observation concerning section 11—9(a)(2), we do not mean to suggest that the State may refile a charge under that section of the statute.

For these reasons, the judgment of the circuit court is reversed.

Judgment reversed.

McNAMARA and RAKOWSKI, JJ., concur.