No. 2--94--1465

________________________________________________________________

                                     

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE              )  Appeal from the Circuit Court

OF ILLINOIS,                         )  of Stephenson County.

                                     )  

     Plaintiff-Appellee,             )

                                     )  Nos. 93--CM--1836,

v.                                   )       93--CM--1837

                                     )

DEAN L. SCOTT,                       )  Honorable

                                     )  Barry R. Anderson,

     Defendant-Appellant.            )  Judge, Presiding.

________________________________________________________________

     JUSTICE INGLIS delivered the opinion of the court:

     On December 15, 1993, defendant, Dean L. Scott, was charged by

complaint with the misdemeanor offenses of disorderly conduct

(presumably 720 ILCS 5/26--(1)(a)(1) (West 1992)) (No. 93--CM--

1836) and resisting or obstructing a peace officer (resisting) (720

ILCS 5/31--1 (West 1992)) (No. 93--CM--1837).  Following a bench

trial on November 7, 1994, the court found defendant guilty of both

offenses and sentenced him to serve concurrent terms of 18 months'

conditional discharge.  Defendant was ordered to serve 14 days in

the county jail with day-for-day credit for the disorderly conduct

offense and 7 days in the county jail without day-for-day credit

for the resisting offense.  

     Defendant appeals, contending that the trial court erred (1)

in treating as untimely (waived) defendant's challenge to the

sufficiency of the disorderly conduct complaint at the close of the

State's case in chief, and in otherwise denying defendant's motion

to dismiss the charge as insufficient; and (2) in denying day-for-

day credit against the sentence for the resisting offense.  We

affirm in part, as modified, and reverse in part. 

     The facts will not be recited here in detail except as they

are needed to resolve the issues raised on appeal.  The charges of

disorderly conduct and resisting or obstructing a police officer 

arose from an incident at the Freeport high school on December 15,

1993.  Sergeant Michael Hannan of the Freeport police department

was patrolling at the high school parking lot when he observed

several altercations between students at the school.  Defendant was

part of the crowd of students which had gathered to watch the

altercations.  In Hannon's attempt to separate the students,

defendant came up to him, telling Hannan that he had no business

being there and that he could not tell the students what to do. 

Defendant yelled at Hannan and walked in and out of the crowd, with

four or five other students following him.  

     Two other officers arrived to assist Hannon.  Hannon asked

defendant several more times to leave the scene or he would be

arrested.  Defendant disregarded Hannon's directives and continued

to yell at Hannon and the other officers.  According to testimony,

the officers attempted to arrest defendant.  Defendant resisted,

kicking and flailing his arms, while the three officers tried to

handcuff him.  Eventually, Hannon needed to spray capstun in

defendant's face in order to handcuff him.  Defendant was finally

arrested and ticketed with resisting or obstructing a peace officer

and with disorderly conduct.      

     At trial, following the State's case in chief, defendant moved

for a directed finding of not guilty on the disorderly conduct

charge.  Defendant argued that the charge failed to state a

statutory offense.  The court concluded that defendant waived this

issue by going to trial on the ticket rather than requesting the

more specific formal information, verified complaint, or bill of

particulars. Thereafter, defendant testified on his own behalf,

denying the charges against him.  

     On November 10, 1994, the trial judge found defendant guilty

of both resisting or obstructing a peace officer and disorderly

conduct and was sentenced.  On December 15, 1994, the court heard

and denied defendant's motion to vacate the judgments or to

reconsider the sentences.  

     On appeal, defendant first argues that his challenge to the

sufficiency of the complaint at the close of the State's case

should not have been deemed waived.  See, e.g., People v. Johnson,

69 Ill. App. 3d 248, 250-51 (1979) (motion to dismiss during trial

did not waive issue and stricter standard applied to determine

sufficiency of charge).  The State contends that defendant's

challenge to the complaint was untimely because it came at the

close of the State's case and should be reviewed under the more

relaxed Gilmore standard applicable to a challenge made after

trial, that is, in a motion in arrest of judgment or in an appeal. 

People v. Gilmore, 63 Ill. 2d 23, 29 (1976); see People v. Pujoue,

61 Ill. 2d 335, 339 (1975); 725 ILCS 5/116--2 (West 1994) (motion

in arrest of judgment; applies relaxed standard).  (The Gilmore

standard is sometimes referred to as the Pujoue standard.) 

However, even in attempting to invoke the more relaxed Gilmore

standard, the State fails to address in any meaningful way whether

the complaint was sufficiently specific to charge the offense of

disorderly conduct.  We believe that established precedent supports

defendant's position, rather than the State's. 

     Under the more lenient Gilmore standard, a complaint

challenged in a motion for arrest of judgment or for the first time

on appeal is deemed sufficient if it "apprised the accused of the

precise offense charged with sufficient specificity to prepare his

defense and allow pleading a resulting conviction as a bar to

future prosecution arising out of the same conduct."  Pujoue, 61

Ill. 2d at 339; see People v. Benitez, 169 Ill. 2d 245, 257-59

(1996); People v. Thingvold, 145 Ill. 2d 441, 448 (1991). 

     When an instrument fails to state an offense, this constitutes

a defect implicating due process concerns, and the defective charge

may be attacked at any time.  People v. DiLorenzo, 169 Ill. 2d 318,

321 (1996).  Such a challenge to a complaint may be made before or

during the trial--even at end of the State's case.  People v.

Harris, 205 Ill. App. 3d 873, 876 (1990); People v. Stanley, 42

Ill. App. 3d 99, 100 (1976).  Thus, section 114--1(a)(8) of the

Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114--

(1)(a)(8) (West 1994)) permits a defendant to bring a motion to

dismiss for the failure to state an offense both before and during

trial.  Johnson, 69 Ill. App. 3d at 251, citing People v. Clutts,

43 Ill. App. 3d 366, 370 (1976) (cited with approval in Harris, 205

Ill. App. 3d at 876). 

     When the sufficiency of the complaint is attacked in the trial

court either before or during trial, a court determines whether the

instrument strictly complies with the requirements of section 111--

3(a) of the Code (725 ILCS 5/111--3(a) (1994)).  Benitez, 169 Ill.

2d at 257-59; Thingvold, 145 Ill. 2d at 448; Johnson, 69 Ill. App.

3d at 250-51 (strict standard applied).  Under that section of the

Code--insofar as it is relevant here--the charge must be in writing

and allege the commission of an offense by (1) stating the name of

the offense; (2) citing the statutory provision alleged to have

been violated; and (3) setting forth the nature and elements of the

offense charged.  725 ILCS 5/111--3(a) (West 1994); Stanley, 42

Ill. App. 3d at 100.  The failure to allege an element of the

offense sought to be charged is a fundamental defect which renders

the complaint void, and it cannot be amended as in the case of

simple formal defects.  Johnson, 69 Ill. App. 3d at 250.  While a

defendant may request a bill of particulars to supplement a

sufficient charge so as to assist him in preparing his defense, a

bill of particulars cannot be used to cure a void charge.  People

v. Meyers, 158 Ill. 2d 46, 53 (1994).

     Our review of the law persuades us that defendant did not

waive the issue by challenging the complaint at the end of the

State's case and seeking a directed finding of acquittal.  It was

error for the trial court to consider his motion waived as

untimely.  Furthermore, the Gilmore standard does not apply, and

the complaint must strictly comply with all of the statutory

requirements of section 111--(3)(a) of the Code. 

     The "Non-Traffic Complaint and Notice to Appear," dated

December 15, 1993, states the name and address of defendant, and

the county, and alleges that defendant unlawfully committed there

the following offense:

     "Disorderly Conduct (DESCRIBE) After being advised to leave

     the area several times Dean Scott then pushed officer saying

     he was going no where. IN VIOLATION OF SECTION 38 CHAPTER 26--

     1 OF THE ILLINOIS REVISED STATUTES."

     This complaint is fatally defective under the strict pleading

requirements of section 111--3(a) of the Code.  Although it states

the name of the offense and the general statutory section, it

fails to specify the subsection for the particular conduct

constituting the offense and fails to specify the nature and

elements of the offense with particularity.  Presumably, the

disorderly conduct sought to be charged was the following

statutory offense: 

          "(a) A person commits disorderly conduct when he

     knowingly: 

               (1) Does any act in such unreasonable manner as to

               alarm or disturb another and to provoke a breach of the

               peace[.]"  720 ILCS 5/26--1(a)(1) (West 1992).

          Although the complaint here suggests an act of defendant that

could be deemed unlawful, such as a battery or obstructing a peace

officer, it does not clearly and specifically articulate how the

conduct of defendant was related to the elements of the offense of

disorderly conduct:  whether it was knowing and unreasonable, how

it alarmed or disturbed another, or how it tended to provoke a

breach of the peace.  The statute defining disorderly conduct is

broad and general in nature and may be applied to many varied

activities which are criminally sanctionable depending upon the

surrounding circumstances.  People v. Slaton, 24 Ill. App. 3d 1062,

1063 (1974).  A given type of conduct alone is not determinative in

rendering it culpable as disorderly conduct.  The relationship

between the alleged conduct and the public order or the right of

others not to be molested or harassed is crucial in determining the

necessity of the criminal sanction.  Slaton, 24 Ill. App. 3d at

1063.  The emphasis of the culpable conduct is on its

unreasonableness and its tendency to disturb (Slaton, 24 Ill. App.

3d at 1063) or to evoke a violent response (People v. Kellstedt, 29

Ill. App. 3d 83, 85 (1975)).  Because the statute defining

disorderly conduct is so broadly worded, the offense cannot be

charged in general terms.  The complaint must describe and

specifically set forth the acts which constituted the offense. 

People v. Oswald, 69 Ill. App. 3d 524, 528 (1979).  The charge must

contain specific factual allegations that the particular conduct

was knowing and unreasonable and state, at least minimally, some

connection between the conduct and its tendency to disturb the

public order, or to elicit a violent response or a breach of the

peace.  Kellstedt, 29 Ill. App. 3d at 85.  

     Here, the complaint does not even track the language of the

statute, much less does it identify the elements of the offense. 

It alleges arguably offensive conduct without establishing the

relationship of that conduct to the statutory elements of the

offense to be proved, and defendant must guess as to the

relationship of that conduct to those elements in preparing his

defense.  We cannot condone this type of pleading.  We conclude

that the complaint is fatally defective, and it was error for the

trial court to deny defendant's motion.  The remedy in such a case

is to reverse the conviction without a remand.  Stanley, 42 Ill.

App. 3d at 102. 

     Next, defendant argues that the trial court erred in denying

defendant day-for-day credit on the seven-day sentence for the

resisting offense.  Under the County Jail Good Behavior Allowance

Act, as a reward for good behavior while confined in jail, a 

defendant may be entitled to a credit of one day against each day

of the sentence served in the county jail unless he is subject to

an exception.  See 730 ILCS 130/1 et seq. (West 1994).  One such

exception which bars a defendant from receiving the credit is if

the defendant "inflicted physical harm upon another person in

committing the offense for which he is confined."  730 ILCS 130/3

(West 1994).  Here, the evidence in the record is insufficient to

show that anyone was physically harmed for purposes of this

statute.  In construing the term under the statute, physical harm

has been deemed synonymous with bodily harm.  People v. Wenkus, 171

Ill. App. 3d 1064, 1066-67 (1988).  Officer Tania Alich testified

that she did not receive any physical injury in the scuffle with

defendant.  We do not believe this case demonstrates the type of

bodily harm contemplated by the statute or discussed in Wenkus

(defendant pushed person down the stairs; she fell, hit her chin

and felt pain).  Defendant's sentence was stayed pending appeal. 

When he serves his sentence, he will qualify for the credit if he

complies with the conditions of the statute. 

     Defendant's disorderly conduct conviction and sentence

therefore are reversed.  The sentence for the resisting offense is

modified to allow day-for-day credit.  In all other respects, the

judgments of the circuit court are affirmed.

     Affirmed in part as modified and reversed in part. 

     McLAREN, P.J., and THOMAS, J., concur.