THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NICKIE JONES, Defendant-Appellant.

First District (6th Division)   No. 1—96—1271

Opinion filed May 2, 1997.

294

Rita A. Fry, Public Defender, of Chicago (Pamela Leeming, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Alan J. Spellberg, Assistant State's Attorneys, of counsel), for the People.

JUSTICE THEIS delivered the opinion of the court:

Defendant, Nickie Jones, was charged in a four-count information. Counts I and II charged Jones with the enhanced crimes of possession of less than one gram of cocaine with intent to deliver and delivery of less than one gram of cocaine "within 1,000 feet of the real property comprising a residential property owned, operated and managed by *** a public housing agency" as prohibited by the Illinois Controlled Substances Act. See 720 ILCS 570/401(d), 407(b)(2) (West 1994). Counts III and IV charged Jones with possession of less than one gram of cocaine with intent to deliver and delivery of less than one gram of cocaine. 720 ILCS 570/401(d) (West 1994). After a bench trial, the court convicted Jones on all four counts and sentenced him to four seven-year prison terms, to run concurrently. On appeal, Jones raises two issues. Jones first argues that the trial court erred in refusing to dismiss the two enhanced counts because they failed to allege that the transactions occurred "on a public way" as required by the enhancing statute. Jones also contends that the trial court erroneously limited cross-examination as to the credibility of the State's primary witness, the arresting officer. For the following reasons, we affirm in part, vacate in part, and remand for resentencing.

Jones argues that counts I and II of the information were fatally defective because they failed to state an essential term, namely, that Jones was "on a public way" as provided in section 407(b)(2) of the Illinois Controlled Substances Act. 720 ILCS 570/407(b)(2) (West 1994). At trial, Jones first challenged the sufficiency of these enhanced charges after the State presented its case in chief. After the State rested, the defense brought a motion to dismiss the enhanced charges, which the trial court denied. After trial, Jones again raised the issue in a motion in arrest of judgment, which the trial court also denied.

■ On appeal, the first issue is the proper standard of review of the trial court's denial of Jones' motion to dismiss. The standard for at-trial challenges to the sufficiency of the charging instrument is whether the instrument states the nature of the offense and adequately sets forth each element of that offense. *People v. Benitez,* 169 Ill. 2d 245, 257-60, 661 N.E.2d 344, 350-51 (1996); *People v. Williams,* 266 Ill. App. 3d 752, 758, 640 N.E.2d 1275, 1280 (1994). In adopting this standard, courts have construed section 114—1(a)(8) of the Illinois Criminal Code of Procedure to allow challenges to the sufficiency of the charges both before and during trial. 725 ILCS 5/114—1(a)(8) (West 1994); *Benitez,* 169 Ill. 2d at 259-60, 661 N.E.2d at 351; *People v. Harris,* 205 Ill. App. 3d 873, 876, 563 N.E.2d 874, 876 (1990); *People v. Johnson,* 69 Ill. App. 3d 248, 250-51, 387 N.E.2d 388, 390-91 (1979).

■ Accordingly, applying the strict pretrial standard, we consider whether the trial court erred in denying Jones' motion to dismiss because the charging instrument failed to set forth with sufficiency the nature and elements of the criminal charges against Jones. 725 ILCS 5/111—3(a)(3) (West 1992). If the charging instrument omits "an element of the offense with which the accused is intended to be charged," the instrument fails to state a criminal offense. *Johnson*, 69 Ill. App. 3d at 250, 387 N.E.2d at 389. Jones argues that the charge failed to allege that the transaction occurred "on a public way," an essential element of the enhancement charge. Aggravating factors that enhance an offense to a higher class must be pleaded and proved to the trier of fact. *People v. White*, 241 Ill. App. 3d 291, 301, 608 N.E.2d 1220, 1228 (1993); *People v. Hicks*, 119 Ill. 2d 29, 34, 518 N.E.2d 148, 150 (1987) (superseded by statute).

■ Section 401(d) of the Illinois Controlled Substances Act provides that any person who knowingly delivers or possesses with intent to deliver less than one gram of a controlled substance commits a Class 2 felony. 720 ILCS 570/401(d) (West 1994). Section 407(b)(2) of the Act enhances the classification to a Class 1 felony if the violation of section 401(d) occurs "on the real property comprising any school [or] *** public housing *** or public park or on any public way within 1,000 feet of the real property comprising any school [or] *** public housing *** or public park." 720 ILCS 570/407(b)(2) (West 1994). These geographical enhancement provisions increase the classification of the offense, not only the severity of the sentence.

While statutes should be construed to give effect to every portion, neither the statutory language nor case law expressly indicates whether "on a public way" is an essential enhancement element. Section 407(c), which refers to section 407(b), omits the "on any public way" language. The legislative history is silent on this issue. Pub. Act 84—1075 (eff. December 2, 1985). Moreover, courts interpreting this enhancement provision discuss general "proximity" to schools and public housing. For example, in *People v. Shephard*, 152 Ill. 2d 489, 503, 605 N.E.2d 518, 525 (1992), the supreme court explained that the purpose of the enhancement provision is to deter narcotics activity in proximity to public housing sites. Likewise, the Second District Appellate Court recently held that the State must prove the substantive elements of the offense as well as the enhancing factors, including proximity. *People v. Pacheco*, 281 Ill. App. 3d 179, 187, 666 N.E.2d 370, 376 (1996).

Without specific instruction on whether "on a public way" is an essential element, we look to decisions construing the phrase in other

Illinois statutes. These cases demonstrate that "public way" is a legal term of art and is found in the unlawful use of weapons statute (720 ILCS 5/24—1(a)(4), (c)(2) (West 1994)), the aggravated battery statute (720 ILCS 5/12—4(b)(8) (West 1994)) and, most analogously to this case, the automatic transfer provision of the Juvenile Court Act of 1987 (705 ILCS 405/5—4(7)(a) (West 1994)).

In *People v. Ward*, 95 Ill. App. 3d 283, 419 N.E.2d 1240 (1981), the court considered the validity of an amendment to an aggravated battery information. The information alleged the battery occurred "about public property" rather than using the statutory language, "public way, public property or public place of accommodation or amusement." *Ward*, 95 Ill. App. 3d at 286-87, 419 N.E.2d at 1243-44. In finding the defect merely formal and, thus, amendable, the court broadly construed the language of the aggravated battery statute to encompass any battery committed in a public area. *Ward*, 95 Ill. App. 3d at 287-88, 419 N.E.2d at 1243-44. In so holding, the *Ward* court relied on legislative committee comments indicating that a battery committed in a public area constitutes a more serious threat to the community than a battery committed elsewhere. *Ward*, 95 Ill. App. 3d at 287, 419 N.E.2d at 1244, citing Ill. Ann. Stat., ch. 38, par. 12—4(b)(8), Committee Comments, at 465 (Smith-Hurd 1979). Thus, the court found that whether the property is publicly or privately owned is irrelevant. Rather, the legislature intended to encompass, by the use of the "public way" language, any area accessible to the public. *Ward*, 95 Ill. App. 3d at 288, 419 N.E.2d at 1244.

Later courts have followed this judicial interpretation when construing the phrase "public way" in other statutes. For example, the unlawful use of weapons statute has the same "on any public way within 1,000 feet" language as is at issue in the instant case. 720 ILCS 5/24—1(c)(2) (West 1994). Relying on *Ward*, the court in *People v. Wicks* found the defendant on a "public way" in violation of the unlawful use of weapons statute when he was arrested in the parking lot of a private apartment complex located near public housing. *People v. Wicks*, 283 Ill. App. 3d 337, 341-42, 669 N.E.2d 722, 723 (1996).

Likewise, in *People v. Rodriguez*, 276 Ill. App. 3d 33, 657 N.E.2d 699 (1995), the court applied the automatic transfer provision to a juvenile charged with delivery of a controlled substance. Significantly, the Juvenile Court Act allows for automatic transfer to adult criminal court if a minor is charged with an offense under the Controlled Substances Act while "on a public way within 1,000 feet of the real property comprising any school." 705 ILCS 405/5—4(7)(a) (West 1994). The minor argued that the delivery occurred in a gas station parking

lot and, thus, was not on a "public way." *Rodriguez*, 276 Ill. App. 3d at 35, 657 N.E.2d at 700. Relying on *Ward* and other parking lot cases, the court in *Rodriguez* found the gas station parking lot sufficiently "accessible to the public" to constitute a public way for purposes of the automatic transfer provision. *Rodriguez*, 276 Ill. App. 3d at 38-39, 657 N.E.2d at 702.

■ Given the uniform judicial construction as well as the legislative committee comments with regard to the aggravated battery statute, we cannot find that the phrase "on a public way" as used in the enhancement provision is mere surplusage. We agree with *Jones* that there are two relevant portions to the enhancements in section 407(b)(2), namely, whether the violation of section 401(d) occurred: (1) in "any school *** the real property comprising any school [or] *** public housing *** or public park" or (2) "on any public way within 1,000 feet of the real property comprising any school [or] *** public housing *** or public park." 720 ILCS 570/407(b)(2) (West 1994). We find that "within 1,000 feet" is not specific enough to indicate an "area accessible to the public" as interpreted by *Ward*, *Wick*, and *Rodriguez*. Thus, we hold that "on a public way" is an essential element under section 407(b)(2) for purposes of charging an enhanced crime under section 401(d) of the Illinois Controlled Substances Act.

■ The second issue *Jones* raises on appeal is his allegation that the trial court erroneously limited his cross-examination to develop the potential bias of the arresting officer. In particular, the defense argues that, one month after *Jones'* drug arrest, the same officer again stopped *Jones* for running a stop sign. At the hearing on *Jones'* motion to suppress the evidence recovered from *Jones* at the traffic stop, the court determined that the officer's testimony regarding the stop contained numerous inconsistencies. The court granted *Jones'* motion to suppress and the State dismissed the charge by *nolle prosequi*. Incidentally, the suppression hearing was before the same trial judge.

At trial on the four-count information, the defense attempted to question the arresting officer regarding the January traffic stop. The State objected on relevancy grounds and the court allowed the defense to make its offer of proof. Afterwards, the court sustained the State's objection. We find that the trial court did not abuse its discretion in prohibiting evidence of the later traffic stop proceeding.

Typically, the scope of cross-examination is within the trial court's discretion. When, however, the defendant's theory is that a prosecution witness is unbelievable, it is error not to allow cross-examination on matters that would reasonably tend to show bias, interest, or motive to testify falsely. *People v. Robinson*, 163 Ill. App.

3d 754, 781, 516 N.E.2d 1292, 1312 (1987). Particularly when the witness is a key one, any restriction of cross-examination as to the witness' bias may be prejudicial. *People v. Foley,* 109 Ill. App. 3d 1010, 1016, 441 N.E.2d 655, 660 (1982). The question is whether evidence of the traffic stop would "reasonably tend to show" any bias, interest, or motive of the police officer to testify falsely.

In this case, we find that the court did not err in excluding evidence of the suppression hearing. It was not error for the court to conclude that evidence did not reasonably show any alleged bias by the police officer. The drug trial proceeded as a bench trial. The judge allowed the defense to make an offer of proof as to the relevance of the traffic stop. After hearing the full offer of proof, the court determined that it was not relevant to the current drug charges. This was not an abuse of the trial court's discretion.

In conclusion, the trial court did not err in restricting cross-examination of the arresting officer regarding a later, separate traffic stop of the defendant. We do find, however, that "on a public way" is an essential element of the enhancement portion of section 407(b)(2) of the Illinois Controlled Substances Act. Applying the stricter pretrial standard to review the "at trial" challenge to the sufficiency of charges, we find the information failed to state an essential element of the enhancement provision. Accordingly, Jones' convictions for the enhanced crimes of possession with intent to deliver and delivery of less than one gram of cocaine "within 1,000 feet of the real property comprising any school or residential property owned, operated and managed by a public housing agency" are vacated. 720 ILCS 570/407(b)(2) (West 1994). In sentencing Jones on all counts, the court relied on the fact that these crimes were committed near Chicago Housing Authority property. Thus, we cannot say that the enhancement provisions were not a consideration in the court's sentence. See *People v. Wilson,* 93 Ill. App. 3d 395, 397, 417 N.E.2d 146, 147 (1981). Pursuant to Supreme Court Rule 615(b)(2) (134 Ill. 2d R. 615(b)(2)), the case is remanded to the trial court for resentencing on the remaining convictions for delivery of less than one gram of cocaine and possession with intent to deliver less than one gram of cocaine under section 401(d).

Affirmed in part and vacated in part; remanded for resentencing.

GREIMAN, P.J., and QUINN, J., concur.