THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EDWARD PUGH, Defendant-Appellant.

First District (3rd Division) No. 86—1338

Opinion filed October 14, 1987.

Paul P. Biebel, Jr., of Chicago (Kathleen M. Pantle, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Kathleen A. Bom, and Aaron Iverson, Assistant State's Attorneys, of counsel), for the People.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Edward Pugh, was charged by information (as amended in open court before trial) with unlawful restraint (Ill. Rev. Stat. 1983, ch. 38, par. 10—3(a)), aggravated kidnapping (Ill. Rev. Stat. 1983, ch. 38, par. 10—2(a)(3)), and aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(b)(8)). After a bench trial he was convicted of aggravated kidnapping and aggravated battery. The unlawful restraint count was merged. The trial court sentenced defendant to four years' imprisonment for aggravated kidnapping and two years for aggravated battery. The sentences were to run concurrently.

Defendant appeals and contends that the trial court erred in entering judgment on both aggravated kidnapping and aggravated battery charges. Alternatively, assuming *arguendo* that there was sufficient evidence to support both convictions, defendant contends that one conviction must be vacated pursuant to the "one-act-one-crime" principle.

For the reasons stated below, we affirm the judgment of the circuit court.

The evidence at trial indicated the following. On March 9, 1985, at about 2 a.m., the victim arrived at the parking lot next to her apartment building complex at 1223 Williams Street, Calumet City, Illinois. As the victim walked through the parking lot, she passed between two cars, one of which was a four-door gray Cadillac. Two black men were seated in the Cadillac. Defendant was sitting in the backseat.

Defendant called the victim a "white bitch," then got out of the car, punched her in the face five or six times, and forced her into the car. Andrew Steward, who was driving, backed up the car and drove away. Defendant held the victim down on the backseat of the car. The victim could not see where they were going, as she was lying on her back. Defendant punched the victim in the face, and fondled her breasts and felt between her legs. After a few minutes, Steward stopped the car and he and defendant exchanged places in the car.

While defendant was driving, police officer Bulczak of the Berwyn police department saw the Cadillac from his position on the north-bound ramp of the Calumet Expressway at Dolton Road. Bulczak followed the car. As defendant accelerated and exited the expressway, Bulczak turned on his lights and siren and continued to follow the car until it blew a tire. The Cadillac turned into the path of Bulczak's car, which struck the Cadillac on the driver's side. Defendant began to drive again, but lost control of the car about one-half block away and stopped on the median strip, where he was surrounded by squad cars. The victim was taken to a hospital where she was treated.

On appeal defendant initially asserts that the trial court erred by entering judgment on both aggravated kidnapping and aggravated battery. Defendant asserts that the entry of judgment on both offenses violates the due process clause as double enhancement. We note that the information charged defendant with aggravated kidnapping in that he allegedly kidnapped the victim (Ill. Rev. Stat. 1983, ch. 38, par. 10—1(a)(2)) and committed another felony, aggravated battery, upon her (Ill. Rev. Stat. 1983, ch. 38, par. 10—2(a)(3)). Defendant was charged with aggravated battery in that he allegedly committed a battery upon the victim (Ill. Rev. Stat. 1983, ch. 38, par. 12—3(a)(1)) while on a public way (Ill. Rev. Stat. 1983, ch. 38, par. 12—4(b)(8)).

■ Defendant contends that the element of being on a public way was used both to enhance the battery to a felony and as an element of proof of asportation for the aggravated kidnapping, in which the same aggravated battery was a circumstance. Therefore, the convictions on the enhanced charges should be reversed as having resulted from multiple use of the same element to prove both the predicate charge and the greater charge. *People v. Payne* (1983), 98 Ill. 2d 45, *cert. denied* (1984), 465 U.S. 1036, 79 L. Ed. 2d 708, 104 S. Ct. 1310.

Additionally, defendant asserts that he was not properly convicted of aggravated kidnapping where the asportation of Jones was incidental to the offense of aggravated battery. Defendant asserts that when temporary seizure, asportation, or detention plays an incidental part to the commission of a lesser offense, a conviction for aggravated kid-

napping may not stand unless certain conditions are met. (*People v. Smith* (1980), 91 Ill. App. 3d 523, 414 N.E.2d 1117.) Factors to be considered are: (1) the duration of the detention or asportation; (2) whether the detention or asportation occurred during the commission of a separate offense; (3) whether the detention or asportation which occurred is inherent in the separate offense; and (4) whether the asportation or detention created a significant danger to the victim independent of that posed by the separate offense. 91 Ill. App. 3d 523, 529, 414 N.E.2d 1117, 1122.

Defendant applies the *Smith* factors to the instant case. Defendant contends that the duration of the victim's detention was a fairly short time, as Officer Bulczak testified he saw the Cadillac within several minutes of receiving a radio report regarding a possible abduction. Bulczak testified that he received the radio message at about 1:57 a.m. The victim testified that she first saw defendant and the car some minutes before 2 a.m. Therefore, not much time passed during the alleged offense. Second, defendant asserts, the victim allegedly was struck by defendant on a public way while being asported. Third, asportation was necessary to commit the crime of aggravated battery as the aggravation used was the commission of a battery on a public way. Fourth, the danger inherent to a victim of an aggravated battery is the danger of bodily harm arising out of the use of force. The section of the statute under which defendant was charged with aggravated kidnapping includes the element of the use of force to secretly confine. Ill. Rev. Stat. 1983, ch. 38, par. 10—1(a)(2).

Defendant asserts that his intent, if any, was to commit a battery. As the asportation of the victim was incidental to this intended purpose, the aggravated kidnapping became derivative and circumstantially related. (*People v. Kuykendall* (1982), 108 Ill. App. 3d 708, 439 N.E.2d 521.) Therefore, defendant asserts, the conviction for aggravated kidnapping must be reversed.

The State responds that the trial court properly convicted defendant of both offenses. The State asserts that the aggravated battery occurred first in the parking lot when defendant struck the victim and later as Steward was driving the Cadillac on a public way when defendant struck and fondled her. The transportation of the victim against her will, coupled with the felony of aggravated battery on a public way, constituted aggravated kidnapping.

Further, the State asserts that defendant has misconstrued the aggravating factor in both offenses as being the transportation of the victim. The State asserts that, since the elements of the two offenses are different, the issue of double enhancement never arises. The ag-

gravating factor for aggravated battery is a battery committed on or about a public way. The aggravating factor for aggravated kidnapping is the commission of a felony upon the victim of a kidnapping. The State also notes that *Nelson v. Thieret* (7th Cir. 1986), 793 F.2d 146, *cert. denied* (1986), 479 U.S. 938, 93 L. Ed. 2d 369, 107 S. Ct. 418, held that, under Illinois law, a defendant may be convicted of aggravated kidnapping in addition to the felony that is the predicate for the aggravated kidnapping itself.

 We hold that the trial court properly convicted defendant of aggravated kidnapping and aggravated battery. First, we note that the trial court found that the parking area in which defendant first struck the victim was a "public way" within the meaning of the aggravated battery statute. Such a finding was proper in view of the evidence. Therefore, the striking of Jones by defendant in the parking lot constituted aggravated battery. (*People v. Ward* (1981), 95 Ill. App. 3d 283, 287-88, 419 N.E.2d 1240, 1243-44.) As the State noted, there is no requirement in the aggravated kidnapping statute that the underlying felony be committed on a public way. (See *People v. Donaldson* (1982), 91 Ill. 2d 164, 170.) Therefore, defendant's assertion that the element of defendant and the victim's being on a public way was used to prove asportation for the aggravated kidnapping offense must fail.

 Further, defendant committed aggravated kidnapping by carrying the victim from one place to another in the car with intent to confine her, and committing aggravated battery upon her. (Ill. Rev. Stat. 1983, ch. 38, pars. 10−2(a)(3), 10−1(a)(2).) We note that the commission of aggravated battery in the parking lot was sufficient to raise the offense of kidnapping to aggravated kidnapping. The beating of the victim began in the parking lot and continued in the car. Defendant's actions, however, indicated that it was his purpose to transport the victim and secretly to confine her, that is, to kidnap her. The evidence indicates that defendant forced the victim into the car very soon after initially accosting her, and held her down on the backseat so as to conceal her. In this way, therefore, the instant case is distinguishable from those cases in which the offense of kidnapping may be considered incidental to the separate offense and where convictions for both crimes are improper. That is, where the separate, "ultimate" offense, such as robbery or rape, could not be committed in the form planned without the limited asportation inherent in the crime, a conviction for kidnapping in addition to the other crime has been held improper. *People v. Smith* (1980), 91 Ill. App. 3d 523, 528, 414 N.E.2d 1117, 1121.

■ Nor does an application of the factors set forth in *People v. Smith* defeat defendant's conviction for aggravated kidnapping. While the detention or asportation of the victim was of a short duration, the separate offense of aggravated battery occurred both during *and* before the asportation. Additionally, the fact that the police intervened kept the detention brief. Further, asportation was not essential to the offense of aggravated battery, since, as we have stated, aggravated battery occurred even before the victim was taken into the car, where defendant struck her in the face while she was in a parking area accessible to the public. Finally, the asportation or detention significantly increased the dangerousness and undesirability of the defendant's behavior by subjecting the victim to further physical abuse and the possibility of even greater harm. 91 Ill. App. 3d 523, 529, 414 N.E.2d 1117, 1121-22.

■ ■ Defendant also asserts, assuming *arguendo* there is sufficient evidence to support both convictions, one must be vacated since a single physical act can support no more than one criminal conviction. (*People v. King* (1977), 66 Ill. 2d 551, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.) Defendant contends that the use of force forms the basis for both convictions in the instant case. That is, the causing of bodily harm to the victim created the offense of battery, a prerequisite to aggravated battery which incidentally was created at that moment. Additionally, the other-felony requirement of the offense of aggravated kidnapping was satisfied by the commission of the aggravated battery, the single physical act of striking Jones and causing harm.

The State responds that the "one-act-one-crime" principle cited by defendant is irrelevant since defendant was convicted of the two offenses based on his separate acts. As battery is not a lesser included offense of aggravated kidnapping, the State asserts, defendant's convictions should be affirmed.

We hold that each of defendant's convictions had a different factual basis and, therefore, both convictions will stand. (*People v. Del Percio* (1985), 105 Ill. 2d 372, 383-84.) As we have found, defendant's action in striking the victim in the parking lot and in the car were separate acts from his transporting her with the intent to confine her. Further, the Illinois Supreme Court has held that "where more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." (*People v. King* (1977), 66 Ill. 2d 551, 566, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.) As the offense of aggravated kidnapping and

aggravated battery are based on separate acts, each requiring proof of a different element, the convictions of both were proper. *People v. King* (1977), 66 Ill. 2d 551.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA, P.J., and RIZZI, J., concur.