BANK OF WAUKEGAN, Plaintiff and Counterdefendant-Appellee, v. KEITH KISCHER *et al.*, Defendants and Counterdefendants (Boulevard Bank, N.A., Defendant and Counterplaintiff and Third-party Plaintiff; James McCallag, Third-party Defendant; Clinton O. Grinnell, Sheriff of Lake County, Appellant).

Second District No. 2—92—1087

Opinion filed July 1, 1993.

Michael J. Waller, State's Attorney, of Waukegan (Paul F. O'Keefe, Assistant State's Attorney, of counsel), for appellant.

Steven B. Bashaw, of Bashaw & Associates, of Clarendon Hills, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Clinton O. Grinnell, the sheriff of Lake County (sheriff), appeals the order of the circuit court which provided that the sheriff is entitled to charge the plaintiff, the Bank of Waukegan (bank), a single $600 fee for the sale of four tracts of real estate subject to a judgment of foreclosure. The issue for review is whether the court erred in ruling that the bank's four separate bids at a sheriff's sale on four separate tracts of real estate constituted one sale of real estate so that the sheriff was entitled to charge the bank only a single fee.

The bank was the mortgagee of four tracts of real estate in Waukegan owned by the same mortgagor. Three of the tracts, at 2855 Belvidere Road and at 1800-10 Grand Avenue, were used for commercial purposes and the other was a single-family home. The property at 2855 Belvidere had a single tax parcel number and was used as a beauty salon; the property at 714-16 Indiana Avenue had two tax parcel numbers; and the property at 1800-10 Grand Avenue had three tax parcel numbers and was used as general office facilities and a dental office. The bank sought and received a judgment of foreclosure for all four tracts. In the sheriff's report of sale and distribution, the sheriff stated that he advertised the real estate to be sold in a public auction pursuant to the foreclosure judgment. At the auction, the sheriff first offered any piece or parcel less than the whole of each tract, after which the bank, as the sole bidder, offered the following bids: (1) $61,000 for the premises at 714-716 In-

diana Avenue; (2) $160,000 for the premises at 2855 Belvidere Road; (3) $260,000 for the premises at 1810 Grand Avenue; and (4) $374,957.43 for the premises at 1800 Grand Avenue. The sheriff struck off each tract and caused it to be sold to the bank.

The bank petitioned for a finding relating to the sheriff's sale commission. The bank alleged that the sheriff requested four separate $600 commissions for the sale of the real estate, but the bank's attorney tendered a check for a single commission. The bank asserted that, pursuant to section 4—5001 of the Counties Code (55 ILCS 5/4—5001 (West 1992); see also 55 ILCS 5/4—12001 (West 1992)), the sheriff's fee for a foreclosure sale depended on the judgment, not on the number of parcels or tracts of real estate sold.

The sheriff responded that the foreclosure judgment provided that the foreclosed real estate "may be sold separately *** at a public sale and for cash to the highest bidder," and that the parcels were sold separately. The sheriff argued that under section 4—5001 of the Counties Code, because each sale was a separate sale of real estate, the sheriff was entitled to a commission on each sale. The trial court found that there was a single sale and, therefore, the sheriff was entitled to a single fee. The sheriff timely appealed.

■ The sheriff contends that there were four "sales" and, therefore, he was entitled to four separate commissions. Section 4—5001 of the Counties Code provides, in relevant part:

"[T]here shall be allowed to the sheriff a fee of $600 for the sale of real estate which is made by virtue of any judgment of a court ***." (55 ILCS 5/4—5001 (West 1992).)

The bank argues that the statute does not allow the sheriff's commission to be computed on a "per tract" or "per parcel" basis. The bank emphasizes that section 4—5001 further provides that the fees set forth in section 4—5001 "are the maximum fees that may be collected" by the sheriff. (55 ILCS 5/4—5001 (West 1992).) The sheriff refers us to sections 15—1507 and 15—1509 of the Illinois Mortgage Foreclosure Law (Mortgage Foreclosure Law) (735 ILCS 5/15—1507, 5/15—1509 (West 1992)) to help interpret section 4—5001 of the Counties Code. Sections 15—1507 and 15—1509 of the Mortgage Foreclosure Law govern judicial sales and the transfer of title to property which has been subject to a mortgage foreclosure.

Statutes which are *in pari materia* should be construed together. (*Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund* (1993), 155 Ill. 2d 103, 111-12.) Moreover, the goal of statutory construction is to give effect to the legislative intent. (*Cunningham v. Huffman* (1993), 154 Ill. 2d 398, 405.) Generally,

this intent is derived from the language of the statute and the purpose behind the enactment. (*State Farm Fire & Casualty Co. v. Yapejian* (1992), 152 Ill. 2d 533, 541.) Undefined statutory terms should be given their plain and ordinary meaning. *Scadron v. City of Des Plaines* (1992), 153 Ill. 2d 164, 185.

■ Section 15—1507(d) provides that if the real estate is capable of division, the court may order it sold in parcels until the judgment is satisfied and the court may determine the order in which the separate tracts may be sold. (735 ILCS 5/15—1507(d) (West 1992).) Subsection (e) directs the person conducting the sale to issue to the purchaser a receipt which describes the real estate purchased, the amount bid, the amount actually paid, and the total amount due. (735 ILCS 5/15—1507(e) (West 1992).) Under subsection (f), on payment in full of the amount bid, the person conducting the sale must issue a certificate of sale to the purchaser. (735 ILCS 5/15—1507(f) (West 1992).) Section 15—1509(a) states in relevant part:

> "After (i) confirmation of the sale, and (ii) payment of the purchase price and any other amounts required to be paid by the purchaser at sale, the court (or, if the court shall so order, the person who conducted the sale ***), shall upon the request of the holder of the certificate of sale (or the purchaser if no certificate of sale was issued), promptly execute a deed to the holder or purchaser sufficient to convey title." 735 ILCS 5/15—1509(a) (West 1992).

According to the sheriff, the use of the singular for the terms "amount bid," "sale," and "price" indicates that if an amount is bid separately on each of several tracts of real estate, there are several sales made by virtue of the judgment of foreclosure. In addition, if a separate price is paid for the purchase of each of several tracts, there are several sales. The sheriff reasons that because the foreclosure judgment specified that the real estate could be sold separately, and there were four separate bids, each in a different amount, there were four separate sales.

The bank argues that when there is one sheriff's sale, the sheriff's commission is limited by section 4—5001 of the Counties Code to $600. The bank notes that section 4—5001 does not provide for a commission on a "per bid" or "per parcel" basis and argues that the sheriff's commission cannot depend on the number of parcels or the number of bids at a sale.

■ However, the bank confuses the concepts of a "sheriff's sale" and a "sale" in the generic sense. A "sheriff's sale" is the

sale of property without the consent of the owner by virtue of judicial process, as by foreclosure. (Black's Law Dictionary 1339 (6th ed. 1990).) The term "sale" is defined as "[a] contract whereby property is transferred from one person to another for a consideration of value, implying the passing of the general and absolute title," or the "[p]assing of title from seller to buyer for a price." (Black's Law Dictionary 1337 (6th ed. 1990).) Construing section 4—5001 with sections 15—1507 and 15—1509 of the Mortgage Foreclosure Law, we conclude that section 4—5001 refers to "sale" in the generic sense.

■ In addition, we draw from the statutory language that when the legislature drafted the fee provision of section 4—5001, it envisioned the foreclosure of a single piece of real estate and the sale of that real estate. (See 735 ILCS 5/15—1504(a)(3)(F), (a)(3)(I) (West 1992); 735 ILCS 5/15—1508(b) (West 1992) (the order confirming the sale shall "include an award to the purchaser of possession of the real estate"); see also *Olney Trust Bank v. Pitts* (1990), 200 Ill. App. 3d 917, 924.) Here, however, the bank foreclosed on four separate pieces of real estate, three commercial pieces and one residential. In this situation, not only is the property "susceptible of division" (see 735 ILCS 5/15—1507(d) (West 1992)), but it already consists of separate tracts of land which may be sold separately. The property was offered separately, and four separate purchasers could have bought the tracts. This indicates that the commission should be awarded on a per sale basis.

The sheriff further argues that even without resort to sections 15—1507 and 15—1509 of the Mortgage Foreclosure Law, section 4—5001 of the Counties Code clearly supports his position. As the sheriff notes, there is no provision in section 4—5001 for the apportionment of the fee when there is more than one purchaser. We note that, under the bank's interpretation, when there is more than one purchaser, the fee could be apportioned on either a proportionate basis or an equal basis. When a statute lists the things to which it refers, a court may infer that any omissions were intended as exclusions. (*Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, 442.) We agree with the sheriff that this omission suggests that when there is more than one purchaser, there should be more than one fee.

Even assuming, as the bank asserts, that one of the purposes of the Mortgage Foreclosure Law is to attract third-party bidders to the sale, we fail to see how the sheriff's interpretation of the statute frustrates that purpose. Each successful bidder will pay a fee

for each piece of property purchased. Thus, each prospective bidder knows that if he or she wishes to make more than one purchase, there will be a fee for each purchase. The amount of the commission is the same for each transaction. There should be no uncertainty because the number of parcels offered should be set forth in the foreclosure judgment.

We also reject the bank's argument that the sheriff's interpretation of the statute would result in absurdity or hardship. The bank's example that a single-family residence on two lots would be offered for sale separately is without foundation. The sale may only be had on such terms and conditions as provided in the judgment (735 ILCS 5/15—1507(b) (West 1992)), and the court may order property divided for sale only if that property is susceptible to division (735 ILCS 5/15—1507(d) (West 1992)). Thus, the bank's scenario would never occur because two lots with a house built on each are not susceptible to division.

The construction or interpretation of a statute is a question of law which we may review independent of the trial court's determination. (*Maske v. Kane County Officers Electoral Board* (1992), 234 Ill. App. 3d 508, 510.) As noted above, we conclude that section 4—5001 of the Counties Code requires the payment of a fee to the sheriff for each purchase of property at a judicial sale, and, as there were four separate bids for four separate parcels, the sheriff is entitled to four separate fees. We therefore reverse the order of the circuit court which ruled that the sheriff was entitled to only one fee.

The order of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

QUETSCH and COLWELL, JJ., concur.