THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYNO D. WICKS, Defendant-Appellant.

Fourth District   No. 4—95—0583

Opinion filed August 16, 1996.

Daniel D. Yuhas and Duane E. Schuster, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

Defendant Tyno Wicks appeals his conviction in the circuit court of Champaign County for the offense of unlawful use of weapons in violation of section 24—1(a)(4) of the Criminal Code of 1961 (Code) (720 ILCS 5/24—1(a)(4) (West Supp. 1993)). He was sentenced to 12 months' conditional discharge and a $50 fine, to run concurrently with a similar sentence on a conviction of criminal trespass to land (720 ILCS 5/21—3 (West 1994)), a charge to which defendant had previously pleaded guilty. We affirm.

Defendant had been charged with both offenses in August 1994. The criminal trespass charge alleged that he had knowingly entered land of Mansard Square and Parkside Apartments after receiving notice from the management that such entry was forbidden. The unlawful weapons charge alleged that defendant had knowingly carried a concealed weapon while on a public way within 1,000 feet of the real property comprising residential property owned, operated, and managed by a public housing agency, namely Burch Village of the Champaign County Housing Authority. The offense was thus elevated from a Class A misdemeanor to a Class 4 felony. See 720 ILCS 5/24—1(c)(2) (West Supp. 1993).

Defendant filed a motion to quash his arrest. At the hearing on that motion, Mark Huckstep, police officer for the City of Champaign, testified that he was on patrol in the late evening of August 2, 1994, and saw defendant walking through the parking lot at Mansard Square. Huckstep recognized defendant and knew that he was barred from that property. When he and another officer stopped defendant, he was walking on Mansard Square property. Defendant was arrested for criminal trespass and, in the process of searching defendant, a gun was found.

The trial court denied the motion to quash arrest. Defendant also filed a motion to dismiss the unlawful weapons charge, on the basis that the arresting officer observed defendant only on private property, not a public way. After hearing arguments of counsel, the trial court denied the motion.

A stipulated bench trial was held on the unlawful weapons charge, at which the parties agreed to allow the trial court to consider evidence heard at the hearing on defendant's motion to quash arrest and counsel's arguments at the hearing on defendant's motion to dismiss. The court found defendant guilty.

On appeal, defendant argues that he was not on a "public way" prior to his arrest, Mansard Square being private property, and, therefore, he was improperly convicted of the offense of unlawful use of weapons as charged.

■ Sections 24—1(a)(4) and (c)(2) of the Code provide in relevant part as follows:

"Unlawful Use of Weapons.

(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(4) Carries or possesses in any vehicle or concealed on or about his person except when on his land or in his own abode or fixed place of business any pistol, revolver, stun gun or taser or other firearm; or

\* \* \*

\*\*\*

(c) Violations on school property, or in a public park, in any conveyance owned, leased or contracted by a school to transport students to or from school or a school related activity, or on any public way within 1,000 feet of the real property comprising any school or public park, in residential property owned, operated and managed by a public housing agency, or in a courthouse.

\*\*\*

(2) A person who violates subsection 24—1(a)(1), subsection 24—1(a)(3), subsection 24—1(a)(4), subsection 24—1(a)(9), or subsection 24—1(a)(10) \*\*\* on any public way within 1,000 feet of the real property comprising any school, public park, courthouse, or residential property owned, operated, and managed by a public housing agency commits a Class 4 felony." 720 ILCS 5/24—1(a)(4), (c)(2) (West Supp. 1993).

■ No cases have been cited by the parties, nor have we located any in our own research, which have dealt with the question of what constitutes a "public way" in the unlawful use of weapons statute. Defendant insists this term does not have the same meaning as it does in the aggravated battery statute, because that statute refers to "public way, public property or public place of accommodation or amusement" (720 ILCS 5/12—4(b)(8) (West 1994)), and the unlawful weapons statute refers only to a "public way."

In *People v. Ward*, 95 Ill. App. 3d 283, 419 N.E.2d 1240 (1981), defendant attacked a woman in her car in the parking lot of a Holiday Inn. He was convicted of aggravated battery because of the situs of the offense. The State had been allowed to amend the information after trial to allege that defendant had committed the battery on or about a public place of accommodation, rather than on public property as the information had originally charged. In discussing whether the amendment was properly allowed, the appellate court stated:

> "Obviously, our legislature was of the belief that a battery committed in an area open to the public, whether it be a public way, public property or public place of accommodation or amusement, constitutes a more serious threat to the community than a battery committed elsewhere. (See Ill. Ann. Stat., ch. 38, par. 12—4(b)(8), Committee Comments, at 465 (Smith-Hurd 1979).) As we interpret this statutory language, the essential allegation for a charge under section 12—4(b)(8) is that the battery occurred in a public area. Whether the property was actually publicly owned and, therefore, 'public property' rather than a privately owned 'public place of accommodation' is irrelevant; what is significant is that the alleged offense occurred in an area accessible to the public." *Ward*, 95 Ill. App. 3d at 287-88, 419 N.E.2d at 1244.

In *People v. Lee*, 158 Ill. App. 3d 1032, 512 N.E.2d 92 (1987), this court addressed an argument made by defendant that he was wrongly convicted of aggravated battery because neither he nor the victim was on or about a public place of accommodation. Defendant had been charged with aggravated battery for hitting a convenience store clerk while in the parking lot of the store. On appeal, defendant argued that the parking lot was not a public place of accommodation within the meaning of the statute. This court rejected that argument and affirmed, relying upon the reasoning quoted above from *Ward*. This court indicated this was a commonsense approach to interpreting the statutory language in light of the harm it was intended to prevent, and it refused to distinguish between a public place of accommodation and a parking lot immediately adjacent to it. *Lee*, 158 Ill. App. 3d at 1036, 512 N.E.2d at 94-95.

Defendant cites the dissenting opinion in *People v. Rodriguez*, 276 Ill. App. 3d 33, 657 N.E.2d 699 (1995), in support of his argument that he was not on a public way at the time he committed the offense. In *Rodriguez*, a minor found guilty of unlawful delivery of a controlled substance was contesting the meaning of the term "public way" in the automatic transfer provision of the Juvenile Court Act of 1987 (see 705 ILCS 405/5—4(7)(a) (West 1992)), which provided that a juvenile must be tried in adult court if the violation occurred while

on a public way within 1,000 feet of real property comprising a school. The minor had sold the drugs while on the parking lot of a gas station located within 1,000 feet of a school. The trial court found him subject to transfer, and he appealed. The Second District Appellate Court affirmed, relying upon its decision in *Ward* and analogizing the meaning of "public way" in the automatic transfer statute to the meaning of that term in the aggravated battery statute. The court looked to the evils sought to be remedied by the statute in protecting children from drug dealers in determining that the legislature did not intend to curtail drug dealing only on a public thoroughfare maintained by a public entity, as defendant had argued. What is significant is that the offense occurred in an area accessible to the public and the court agreed with the trial court that a gas station parking lot situated within 1,000 feet of a school is a location which children might frequent. *Rodriguez*, 276 Ill. App. 3d at 39, 657 N.E.2d at 702-03.

The court in *Rodriguez* also relied upon *People v. Williams*, 161 Ill. App. 3d 613, 515 N.E.2d 266 (1987), another parking lot case. There, defendant was convicted of aggravated battery and he appealed. One of the issues was whether a private parking lot constituted a public way under the statute. Defendant was charged with striking his girlfriend while on or about a public way, *i.e.*, a parking lot adjacent to her apartment building. On appeal, defendant argued that "public way" means only a highway. The appellate court disagreed, noting that the legislature had selected wording in the aggravated battery statute providing a general description of areas frequented by the public and that it was concerned with possible harm to the public. The court noted the parking lot in which the offense occurred was used by residents of the apartment building, their guests, and others. It was a place frequented by the public and, therefore, a public way under the statute. *Williams*, 161 Ill. App. 3d at 620, 515 N.E.2d at 271.

Defendant relies upon the dissenting opinion in *Rodriguez*, in which Presiding Justice McLaren expressed the view that the term "public way" is limited to highways, streets, alleys, and other public thoroughfares. He objected to the analogy drawn by the majority and by other courts to the broader language of the aggravated battery statute. *Rodriguez*, 276 Ill. App. 3d at 43, 657 N.E.2d at 705 (McLaren, P.J., dissenting).

With all due respect to Justice McLaren, we disagree with his reasoning and adopt that of the majority in *Rodriguez* and of the courts in *Ward*, *Lee*, and *Williams*. The parking lot of a public housing project is an area accessible to the public. See also *People v.*

*Pugh*, 162 Ill. App. 3d 1030, 1034, 516 N.E.2d 396, 399 (1987) (a parking lot next to the victim's apartment building, where she was attacked, was a "public way" for aggravated battery purposes); *People v. Pennington*, 172 Ill. App. 3d 641, 644, 527 N.E.2d 76, 78-79 (1988) (a sidewalk adjacent to a privately owned dormitory was a "public way" under the aggravated battery statute; the area was commonly used by students and others).

We may presume that the legislature, when drafting the language of this statutory section, was aware of the judicial construction given to the term "public way" in the aggravated battery statute and, in the absence of evidence to the contrary, that the language used was intended to have the same meaning. *Carver v. Bond/Fayette/Effingham Regional Board of School Trustees*, 146 Ill. 2d 347, 353, 586 N.E.2d 1273, 1276 (1992). No reason appears why a different meaning should be ascribed to this term merely because it is not accompanied by the other terms present in the aggravated battery statute. In fact, it would be illogical to believe the legislature intended that a battery committed in the parking lot of a public housing project could be elevated to aggravated battery, but the offense of unlawful use of weapons committed in the same parking lot would not result in enhancement of the offense to felony status, where the same term is employed in both statutes. Common sense dictates otherwise.

For the reasons stated, defendant's conviction and sentence are affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.