THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. COY W. PERGESON, Defendant-Appellant.

Second District    No. 2—03—0053

Opinion filed April 22, 2004.

Michael J. Pelletier and Heidi Linn Lambros, both of State Appellate Defender's Office, of Chicago, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), and Hugh Williams, of Carbondale, for the People.

JUSTICE CALLUM delivered the opinion of the court:

Following a bench trial, defendant, Coy W. Pergeson, was convicted of aggravated battery (720 ILCS 5/12—4(b)(8) (West 2002)) for an incident that occurred at the entrance to the Fox Valley Mall. The trial court found, as alleged in the indictment, that the battery occurred on a public way. Defendant appeals, arguing that under this court's opinion in *People v. Dexter*, 328 Ill. App. 3d 583 (2002), private property such as the mall is not a public way. He therefore asks us to reduce his conviction to one of simple battery. We affirm.

The following evidence was presented at trial. On May 25, 2002, Andrew Lewickas and his girlfriend, Jessica Struthers, were leaving the Fox Valley Mall in Aurora. They saw defendant handing out flyers in a vestibule area between two sets of doors. Defendant tried to hand Lewickas a flyer. When Lewickas declined, defendant said, "F--k you then." Lewickas turned around and asked defendant, "What did you say?" Defendant hid on the floor behind a girl and put a clipboard over his head. Lewickas again asked defendant to repeat what he had said, but the latter just "snickered."

Struthers urged Lewickas to leave, so they continued walking out of the mall. When they were about 50 feet from the entrance doors, defendant came running up to them. Lewickas turned around, and defendant "got into his face." Lewickas and defendant started arguing and exchanging profanities. According to Struthers, the men were nose-to-nose. Defendant then jerked his head back and head-butted Lewickas in the face. Lewickas tried to hit defendant, but defendant walked away, tripping on a curb.

The parties stipulated that Dr. Michael Casey, a dentist, would testify that he examined Lewickas after the incident. Four of Lewickas's teeth were "pushed back" as a result of the attack. One tooth "died" and had to be replaced with an implant.

Detective Fedorski testified that he interviewed defendant about the offense. Defendant told Fedorski that he and Lewickas were bumping chests and then he head-butted Lewickas in the face.

Rachael Watson, a mall employee, testified for the defense that Lewickas, who was larger than defendant, called defendant a "faggot" and pushed him away. Defense counsel argued that defendant's actions were in self-defense.

The trial court found defendant guilty of aggravated battery on count II of the indictment, which alleged that he committed a battery on a public way. The court did not find that defendant's actions caused Lewickas great bodily harm or permanent disfigurement as alleged in two other counts. The court found defendant guilty of simple battery on those counts but ruled that the convictions merged into that on count II. Later, the court sentenced defendant to an extended term of 5 1/2 years' imprisonment because defendant had previously been convicted of a Class 1 felony. Defendant timely appeals.

Defendant contends that he was not proved guilty beyond a reasonable doubt of aggravated battery because the mall entrance where the crime occurred was private property and therefore not a "public way." Defendant relies on *Dexter*, where this court held that "public way" means property actually owned or maintained by a governmental body and available to the public for transportation or other purposes. *Dexter*, 328 Ill. App. 3d at 587-88. *Dexter* expressly rejected the argument that privately owned property could be a public way.

The State responds that *Dexter* was wrongly decided and should be overruled. The State contends that *Dexter* is inconsistent with longstanding precedent that a public way is any property that is open to the public. However, we need not decide whether to overrule *Dexter* in order to decide this case because *Dexter* is distinguishable.

In *Dexter*, the defendant was charged with possessing narcotics with the intent to deliver on a public way within 1,000 feet of a public park (720 ILCS 570/401(c)(2), 407(b)(1) (West 1998)). In holding that the defendant was guilty of only a lesser included offense, this court traced the historical development of the term "public way" and concluded that it applies only to publicly owned property. In doing so, we adopted the position taken by the dissent in *People v. Rodriguez*, 276 Ill. App. 3d 33, 41-42 (1995) (McLaren, P.J., dissenting). The *Rodriguez* majority had found that a gas station parking lot was a public way. *Rodriguez*, 276 Ill. App. 3d at 39.

Both *Dexter* and *Rodriguez* involved drug offenses. At the relevant times, the drug statutes mandated more severe penalties for offenses committed on public ways within 1,000 feet of certain public places such as parks and schools. However, defendant here was convicted of aggravated battery. The statute under which defendant was convicted enhances simple battery to aggravated battery if the offense is committed "on or about a public way, public property or public place of accommodation or amusement." 720 ILCS 5/12—4(b)(8) (West 2002). Thus, the statute under which defendant was convicted is broader than those at issue in *Dexter* and *Rodriguez* because it applies to places other than public ways.

*Dexter* discussed at length *People v. Ward*, 95 Ill. App. 3d 283 (1981). There, the defendant was convicted of aggravated battery for beating a woman in the parking lot of a motel. At the jury instructions conference, the trial court allowed the State to amend the information to allege that the offense occurred at a "public place of accommodation" rather than "about public property." The court gave the jury an instruction based on the amended information. *Ward*, 95 Ill. App. 3d at 286. This court held that the amendment was proper because the change was only a formal one. *Ward,* 95 Ill. App. 3d at 287. *Dexter* distinguished *Ward*, observing that *Ward* did not expand the definition of a "public way" to include private property, but held only that the hotel parking lot was a "public place of accommodation or amusement" under the aggravated battery statute. *Dexter*, 328 Ill. App. 3d at 589.

This case, like *Ward*, involved an aggravated battery. By all accounts, the offense took place about 50 feet outside the entrance doors. We find the area outside the mall indistinguishable from the hotel parking lot in *Ward*. Therefore, regardless of whether the mall entrance was a "public way," it was a "public place of accommodation or amusement" as used in the aggravated battery statute. The trial court thus properly found defendant guilty under that section.

We note that the indictment specifically alleged that defendant committed the battery on a "public way." However, it is well established that a variance between the crime charged and the crime proved is not fatal to the conviction unless the variance is material and it misleads the accused in making his defense or exposes him to double jeopardy. *People v. Jones*, 245 Ill. App. 3d 674, 677 (1993). *Ward* specifically held that the difference between "public property" and "public place of accommodation" was not material. *Ward*, 95 Ill. App. 3d at 287-88.

Furthermore, defendant was not prejudiced by the variance. In *People v. Cassell*, 283 Ill. App. 3d 112 (1996), the court rejected the

defendant's argument that he was not proved guilty beyond a reasonable doubt of home invasion because the indictment alleged that he kidnaped a victim from her apartment when the proof at trial showed that he kidnaped her from a neighbor's apartment. The court held that the variance was not fatal. *Cassell*, 283 Ill. App. 3d at 121-22. Here, the State both alleged and proved an offense occurring at the Fox Valley Mall on May 25, 2002. Defendant argued that he acted in self-defense. Defendant was not hampered in preparing his defense, whether the site of the offense was considered a "public way" or a "public place of accommodation." Defendant would be able to plead the conviction as a bar to further prosecution based on the same incident. Therefore, that the indictment alleged that the offense occurred on a public way rather than a public place of accommodation is not fatal to the conviction.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and HUTCHINSON, JJ., concur.