2020 IL App (2d) 180046-U
No. 2-18-0046
Order filed February 4, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15-CF-1290 |
| | ) | |
| ANTHONY LEWIS, | ) ) | Honorable Linda S. Abrahamson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BURKE delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Trial court properly summarily dismissed postconviction petition, which alleged that the charging instrument was defective for not alleging that the offense occurred in a church or on a public way: the petition misstated the location element and, because he did not raise it in the petition, defendant forfeited his appellate argument that trial counsel was ineffective for advising him to plead guilty.

¶ 2    Defendant, Anthony Lewis, appeals the summary dismissal of his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)).  We affirm.

¶ 3                                   I. BACKGROUND

¶ 4 Defendant was indicted for three drug-related offenses, based on the same facts. On October 6, 2016, the parties presented an agreement to the trial court. Defendant would plead guilty to one count of unlawful possession of a controlled substance with the intent to deliver within 1000 feet of a church (UPCC), a Class X felony (720 ILCS 570/407(b)(1) (West 2014)), and the State would recommend an eight-year prison sentence and dismiss the other charges. The charge specifically identified the church as the Lighthouse Baptist Church (Church) in Elgin.

¶ 5 The State provided the following factual basis for the charge. On August 12, 2015, police searched defendant's residence and, based on what they found, arrested him. They brought him to the police station but released him without charges. Later that day, they reviewed a booking-room video. It showed that an item fell from defendant's pant leg and that he kicked the item across the floor. A crime lab test established that it weighed 1.6 grams and contained cocaine. Its street value was approximately $100. Defendant had previously sold cocaine out of his home, and a wiretap in another investigation disclosed him arranging a drug sale.

¶ 6 The trial court accepted the plea and, per the agreement, sentenced defendant to eight years in prison. He did not file a postjudgment motion or a direct appeal.

¶ 7 On December 5, 2017, defendant filed his petition under the Act. It alleged that, under *People v. Jones*, 288 Ill. App. 3d 293 (1997), the indictment was insufficient to charge him with UPCC, because it failed to allege that the offense occurred either inside a church or on a public way. Defendant had been arrested at 414 McClure Avenue and transported to the police station at 151 Douglas Avenue. The former location was a privately-owned rental unit and the latter was more than 1,000 feet from the Church. Defendant argued that the offense could not have occurred at either location, and, as a consequence, he could not have been convicted of UPCC. Defendant

claimed that his trial counsel had been ineffective for (1) failing to move to dismiss the indictment and (2) advising him to plead guilty to a charge that he "could not be proven guilty of committing."

¶ 8 Defendant's petition did not mention the factual basis that the State had provided at the guilty-plea hearing.

¶ 9 The trial court dismissed the petition summarily. The court's order stated that, in relying on *Jones*, defendant overlooked that, in 2000, the pertinent statute was amended so as to eliminate the "public way" element. See Pub. Act 91-353 § 5 (eff. Jan. 1, 2000). Thus, in 2015, a conviction of UPCC required only that the offense occurred "within 1,000 feet of the real property comprising *** any church," which the factual basis established. 720 ILCS 570/407(b)(1) (West 2014). Defendant's claim was frivolous, because counsel had neither performed unreasonably nor prejudiced him by refusing to move to dismiss the indictment or by advising him to plead guilty. Defendant timely appealed.

¶ 10                                  II. ANALYSIS

¶ 11 On appeal, defendant contends that his petition stated the gist of a meritorious claim that his counsel was ineffective for advising him to plead guilty, as the State's factual basis did not provide any support for two elements of UPCC: intent to deliver and that the offense occurred within 1000 feet of a church. Defendant contends that, for the same reasons, his petition also stated the gist of a meritorious claim that his plea violated due process. We hold that these claims are forfeited because, even liberally construed, his petition did not raise them.

¶ 12 We review *de novo* the summary dismissal of a petition under the Act. *People v. Harris*, 224 Ill. 2d 115, 123 (2007).

¶ 13 A defendant may not raise a claim under the Act for the first time on review. *People v. Jones*, 211 Ill. 2d 140, 148 (2004). As *Jones* states, the question raised on appeal is " 'whether the

allegations *in the petition,* liberally construed and taken as true, are sufficient to invoke relief under the Act.' *** Thus, any issues to be reviewed must be presented in the petition filed in the circuit court." (Emphasis in original.) *Id.* (quoting *People v. Coleman*, 183 Ill. 2d 366, 388 (1998)).

¶ 14    Defendant's petition alleged that his counsel had been ineffective for advising him to plead guilty to an offense that he "*could not be proven guilty of committing.*" (Emphasis added.) The petition alleged that no conviction was possible, not merely that the State presented an inadequate factual basis at the guilty-plea hearing. Indeed, the petition did not mention the hearing at all. It was based on what counsel did (or did not do) before the hearing even took place.

¶ 15    Moreover, the bases for the assertion that the charge was inherently unprovable were greatly dissimilar from what defendant now argues. The petition relied primarily on the impossibility of proving that the offense took place either (1) on a public way within 1000 feet of a church or (2) in a church. Under the mistaken assumption that the statute required proof of these elements, the petition reasoned that, because defendant's apartment was not a public way, he could not have been convicted of committing UPCC at that location even had all the other elements of the offense been proved. Of course, this reasoning was unsound, because proof of the "public way" element was no longer required, and the State could present evidence that 414 McClure Avenue was located less than 1000 feet from the Church. In contrast, the linchpin of the postconviction claim was that the offense could not be proven because defendant never was on a public way within 1000 feet of the Church.

¶ 16    Defendant's appellate argument has nothing to do with this theory. Instead, it addresses only the factual basis at the guilty-plea hearing and not the entire factual context of the charge. Defendant argues that the State did not support the propositions that (1) defendant intended to

deliver the cocaine and (2) he was within 1000 feet of a church when he possessed the cocaine. Whatever the merit of this claim, it was not made in the petition.

¶ 17    First, the petition said *nothing* about intent to deliver, much less link counsel's alleged ineffectiveness to this element. Defendant now points to the relatively small amount of cocaine and the absence of direct evidence that he intended to deliver this specific article, as opposed to other cocaine at other times. The petition says not a word about any of this. Insofar as defendant's appellate argument addresses the element of intent, it is forfeited.

¶ 18    Second, the petition did not contend that the State could not prove that he was within 1000 feet of a church when he possessed the cocaine and intended to deliver it. Admittedly, the petition asserted that the police station was not within 1000 feet of the Church. Even if the station were considered a public way, defendant argued, his possession of the cocaine there could not satisfy the location element. But the petition did not allege that 414 McClure Avenue was more than 1000 feet from the Church. Instead, the petition contended that the possession of the cocaine at 414 McClure Avenue would have failed the location requirement *because it was not a public way*, which was not an element of the offense. Thus, the petition did not actually argue that the State could not prove that he had been within 1000 feet of a church when he committed the offense.

¶ 19    On appeal, defendant's claim that the factual basis was insufficient vis-à-vis the location element does not rely on the petition's premise that 414 McClure Avenue was not a public way. Instead, he now argues that the factual basis made only one conclusional mention of a church and failed to assert that the alleged church was functioning as such on August 12, 2015. Of course, the petition mentioned neither matter, as it did not refer to the factual basis at all. Further, the petition named the Church but did not assert that it had not been functioning as such on August 12, 2015.

¶ 20    Even had the State's factual basis fully covered all the matters defendant raises on appeal, his petition would have been no different.  It would still have been based on the contention that the charge of UPCC was inherently unprovable because he had not been on a public way at the time.  The petition's theory was thus not the argument that defendant makes on appeal.  The trial court properly determined that the public-way theory was frivolous and thus would not support a claim of ineffective assistance of counsel.  Defendant does not contend that the court erred in this regard, so any such contention of error is forfeited.  See Ill. S. Ct. R. 341(h)(7) (eff. Nov. 1, 2017).  Instead, he contends that the court erred by rejecting an argument that he never presented to the court.  This contention of error is also forfeited.  Facing no preserved claims of error, we must affirm the trial court's judgment.

¶ 21                                III. CONCLUSION

¶ 22    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 23    Affirmed.